**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD EDWARD BENTON,

               Plaintiff,

vs.

TIMOTHY S. CORY, et al.,

               Defendants.

Case No. 2:10-cv-00907-RLH-PAL

**ORDER**

(Mtn for CM/ECF Access- Dkt. #4)
(Request for Admissions - Dkt. #5)

       This matter is before the court on Plaintiff's Motion for CM/ECF Access (Dkt. #4) and Plaintiff's Request for Admissions (Dkt. #5), both filed June 16, 2010. The court has considered the Motions.

       Plaintiff filed the Complaint (Dkt. #1) in this case on June 14, 2010. Plaintiff is proceeding in this matter *pro se.* Plaintiff's Motion for CM/ECF Access (Dkt. #4) requests the ability to access the court's docket because he is a Viet Nam war veteran with significant mobility issues. Plaintiff has attached documentation substantiating these claims. The court will grant the motion. Plaintiff shall comply with the procedures outlined below in order to activate his CM/ECF account. Additionally, it appears that the documents contain Plaintiff's social security number. Plaintiff is advised that any document filed with the court is publicly available, and Plaintiff should redact any identifying information, including his social security number, date of birth, or bank account information prior to filing. *See* Fed.R.Civ.P. 5.2 (governing privacy protections for filings made with the court).

       Plaintiff has also filed a Request for Admissions (Dkt. #5). That document seeks for Defendants to admit or deny certain allegations contained in Plaintiff's Complaint. Plaintiff's request, however, is premature. Plaintiff filed the Complaint on June 16, 2010, summons were issued, and Plaintiff effected partial service. *See* Dkt. ##1-3. After the first Defendant answers or appears, a Rule

26(f) conference must be initiated by Plaintiff within thirty days. *See* Fed.R.Civ.P. 26(f); LR 26-1. The parties must make initial disclosures required by Rule 26(a)(1) and submit a proposed discovery plan and scheduling order as required by Local Rule 26-1(a). *Id.* As a general rule, a party may not seek discovery from any source until the Rule 26(f) conference has been conducted. *See* Fed.R.Civ.P. 26(d). Additionally, Plaintiff is advised that discovery requests should not be filed with the court. Local Rule 26-8 provides, "Unless otherwise ordered by the court, written discovery . . . shall not be filed with the court." *Id.* Discovery requests and requests for admissions are to be served upon the party to whom they are directed.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for CM/ECF Access (Dkt. #4) is GRANTED. Plaintiff must comply with the following procedures in order to activate his CM/ECF account:

    a. On or before **July 30, 2010**, Plaintiff must provide certification that he has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are accessible on this court's website, www.nvd.uscourts.gov.

    b. Plaintiff is not authorized to file electronically until said certification is filed with the Court within the time frame specified.

    c. Upon timely filing of the certification, Plaintiff shall contact Robert Johnson at the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

2. The Clerk of Court is directed to seal the supporting documents attached to Plaintiff's Request for CM/ECF Access. *See* Dkt. #4 at 3-9.

3. Plaintiff's filing of Request for Admissions (Dkt. #5) is STRICKEN pursuant to LR 26-8.

Dated this 14th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE