# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD EDWARD BENTON, | Case No.: 2:10-cv-00907-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | |
| TIMOTHY S. CORY, in his individual capacity as trustee; MATTHEW C. ZIRZOW, as shareholder; WILLIAM M. NOALL, as shareholder; GREGORY E. GARMAN, as managing shareholder; CICI CUNNINGHAM, as attorney to trustee; CHRISTINE A. ROBERTS, as attorney to trustee; PHILIP S. GERSON, as supervising partner; and AUGUST B. LANDIS, in his individual capacity as United States Trustee, | |
| Defendants. | |

DONALD EDWARD BENTON, having responded in writing as ORDERED to SHOW CAUSE as to why the Court should not issue an order forthwith declaring him a vexatious litigant and forbidding him to file any new complaints or petitions without first seeking leave of the Court, is hereby SANCTIONED as follows:

/

AO 72
(Rev. 8/82)

**BACKGROUND**

This dispute arises from Plaintiff Donald Edward Benton's allegations that Defendants acted improperly during the course of his Chapter 7 bankruptcy proceedings. (*See generally*, Dkt. ##33–41, Decl. Ex. 2–83, *In re Donald Edward Benton f/k/a Donald E. Bender*, No. 2:05-BK-17562-MKN, discharged Aug. 13, 2009.) For a detailed factual and procedural history of this case, the Court directs the reader to its December 3, 2010 Order (Dkt. #163).

Plaintiff is no stranger to this Court, nor the entire court system of the United States, both state and federal.[1] On December 3, 2010, the Court ordered Benton to show cause in writing as to why the Court should not issue an order forthwith, declaring him a vexatious litigant and forbidding him to file any new complaints or petitions without first seeking leave of the Court. (Dkt. #163, Order.) Benton timely responded on December 16, 2010. (Dkt. #168, Resp.)

Benton's response spews the same nonsensical and baseless ramble the Court has come to expect. Benton accuses District Court Judge, Kent J. Dawson and the Ninth Circuit Court of Appeals of stripping him of his constitutional and civil rights. He calls Bankruptcy Court Judge, Mike K. Nakagawa's findings in his bankruptcy case irrelevant. Curiously, Benton recalls an incident during which he alleges Defendants falsely imprisoned him by stating that he "drew on the wisdom of a very distant warrior: 'I am wounded, but not killed. I will lie down and bleed for awhile. Then I will rise and fight again." (*Id.* 22, ¶ 59 (emphasis omitted).) Throughout his response, Benton accuses this Court of ignoring his motions, exhibiting bias and prejudice, and misstating facts. His fantastical allegations and recycled arguments fail to negate the Court's certainty that a pre-filing order is justified and necessary to prevent him from further abusing the legal system and wasting judicial resources. For the reasons discussed below, the Court now

---

[1] *See, e.g*, *Bender v. Uinta Cty. Assessor*, 14 P.3d 906 (Wyo. 2000); *In re Donald Edward Benton*, No. 2:06-cv-00117-LDG-PAL; *In re Donald Edward Benton*, No. 2:06-cv-00118-KJD-RJJ; *Bender v. Benton (BK Appeal)*, No. 2:06-cv-00134-KJD-RJJ; *Bender v. Benton*, No. 2:06-cv-0061-RCJ-LRL; *In re Donald Benton*, No. 2:06-cv-00195-LDG-GWF; *Benton v. Cory*, No. 2:06-cv-00845-KJD-GWF; *In re Donald Edward Benton*, No. 2:06-cv-00846-JCM-LRL.

enters an order declaring Benton a vexatious litigant and forbidding him to file any new complaints or petitions without first seeking leave of the Court.

## I.     Vexatious Litigants

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted). Under the All Writs Act, a district court can order a person with a lengthy history of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863–64 (C.D. Cal. 2004) (citation omitted). In doing so, the Court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* at 864.

### A.     Litigant's History of Litigation

A "vexatious suit" is a "lawsuit instituted maliciously and without good cause." *Id.* (citing Black's Law Dictionary 1596 (8th ed. 2004)). The Court may consider several factors when determining whether a litigant's history of litigation amounts to a pattern of harassing litigation. One factor is the sheer volume of lawsuits and court filings. *See De Long*, 912 F.2d at 1148 (stating that in order to issue a pre-filing order, "[a]t the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive"). Although litigiousness

alone is insufficient to justify a restriction on filing activities, it is a factor the Court considers indicative of an intent to harass. *Mandarin Touch Rest.*, 347 F. Supp. 2d at 864.

After reviewing the record in Benton's various actions adjudicated by the Bankruptcy Court, District Court, Ninth Circuit, and an opinion of the Wyoming Supreme Court, *Bender v. Uinta Cty. Assessor*, 14 P.3d 906 (Wyo. 2000), this Court concludes that Benton has a clear history of vexatious litigation. In fact, Benton's propensity towards harassing litigation began long before he came to Nevada. In *Uinta County Assessor*, Benton (who went by Bender at that time) appealed a state agency's decision to affirm a county assessor's calculation of his property taxes to the Wyoming Supreme Court. *Id.* He had already appealed the calculation to the state agency twice; thus, the court determined that Benton was collaterally estopped from challenging the calculation because it constituted a relitigation of an issue that had been fully and finally adjudicated. *Id.* at 911. The court also noted that Benton appeared as an appellant in "numerous cases of various kinds and character" in the two years before the *Uinta County Assessor* case. *Id.* The court described Benton by saying, "[h]e seems to personify the term 'litigious' to the effect it describes one who is 'fond of litigation; prone to engage in suits'" and found sanctions appropriate for his "intentional rehash" of previously litigated cases. *Id.* (citing Black's Law Dictionary 934 (6th ed. 1990)).

Benton's tendency towards rehashing adjudicated issues continues here in Nevada. Throughout the course of his bankruptcy proceedings, Benton submitted at least six separate motions to withdraw reference from the Bankruptcy Court to the District Court—all of which were based upon the same allegations as the current action. In each action, Benton filed an extraordinary number of motions, many if not all of which were baseless. After Judge Dawson concluded that Benton continually submitted "multiplicative and repetitive filings," *In re Donald Edward Benton*, No. 2:07-cv-01686-KJD-RJJ, D. Nev. Order (#48), July 24, 2008, Judge Dawson eventually found it necessary to order the Clerk of the Court to refuse future filings from Benton after he continued to file motions in his closed case. When Benton appealed Judge Dawson's

rulings to the Ninth Circuit, he repeatedly submitted filings to the Ninth Circuit even after it denied his appeal and closed the case. In response, the Ninth Circuit ordered that "[n]o further filings shall be accepted in this closed case." (Dkt. #41, Decl. Ex. 89, 9th Cir. Order, Feb. 2010.) This disregard for judicial resources has continued in this Court. In the five months since he commenced this current action, Benton has filed at least twenty-two motions. (Dkt. ##4, 5, 7, 19, 21, 23, 24, 58, 60, 62, 70, 87, 88, 98, 101, 105, 106, 107, 108, 122, 137, 162.) Rather than wait for the Court to rule on a motion, Benton simply files additional motions in an attempt to prod the Court into considering his motions within his time frame. The Court therefore finds that Benton's numerous filings in the Bankruptcy Court, District Court, Ninth Circuit, and the Wyoming Supreme Court support the conclusion that he has a lengthy history of vexatious litigation.

**B.     Litigant's Motive**

The next factor for the Court to consider is Benton's motive in bringing this lawsuit. Although raising claims against these Defendants alone is not unethical or vexatious, it is consistent with his overall pattern of harassing behavior. Irrespective of the jurisdictional and immunity issues or failure to state plausible claims in this case, Judge Nakagowa extensively examined the propriety of the parties' conduct in the settlement conference and found no basis for Benton's allegation that he was forced into settlement. (Dkt. #40, Decl. Ex. 77, Bankr. D. Nev. Order (#301) 7.) Benton did not appeal Judge Nakagawa's ruling, but instead filed numerous motions for withdrawal of reference, appeals to the Ninth Circuit and U.S. Supreme Court, and eventually brought this case. Rather than recognizing the settled legal issues involved in his allegations, Benton files this lawsuit and nearly two dozen motions thereby forcing Defendants to expend significant amounts of time and energy simply opposing his motions. His behavior does not support a good faith expectation of prevailing on the merits of his claim, rather it demonstrates that he intends to torment everyone who was involved in his bankruptcy case (and a few who were not) with constant litigation and defense costs. Thus, the Court concludes that Benton's motive is to punish Defendants and waste judicial resources.

### C. Representation by Counsel

The next factor is whether or not Benton is represented by counsel. Although courts are generally protective of *pro se* litigants, this same protection does not apply to litigants represented by counsel. *Mandarin Touch Rest.*, 347 F.Supp.2d at 864. Despite the fact that Benton appears *pro se* in this matter, the Court recognizes that he is legally trained and was licensed to practice law in California at one time. Judge Nakagawa also recognized Benton as "a trained attorney and not a lay person incapable understanding the purpose of a settlement conference or the terms of a settlement agreement." (Dkt. #40, Decl. Ex. 77, Bankr. D. Nev. Order (#301) 6–7.) Thus, the Court finds that this factor also weighs against Benton.

### D. Burden on the Courts

The fourth factor for the Court to consider is whether Benton has caused needless expense to other parties or unnecessarily burdened the courts. *Id.* In light of the Court's analysis concerning Benton's filings in closed cases and nearly two dozen motions in this case, the Court concludes that this factor clearly weighs against him.

### E. Adequacy of Other Sanctions

The last factor for the Court to consider is whether sanctions other than a pre-filing order could adequately protect the Court and other parties. For the reasons the Court has already discussed at length, the Court concludes that no alternative sanctions will suffice. The only effective way to curb Benton's propensity towards repetitious litigation is to require him to seek leave of the Court by filing a copy of this pre-filing order with every new complaint that he seeks to file.

In sum, after reviewing the record in Benton's various actions adjudicated by the Bankruptcy Court, District Court, Ninth Circuit, and the *Bender v. Uinta County Assessor* opinion by the Wyoming Supreme Court, this Court concludes that Benton is a vexatious litigant. Benton's willful submission of repetitive motions and failure to comply with the terms of the Settlement Agreement or the rulings of the various courts, constitute abusive litigation practices

AO 72
(Rev. 8/82)

that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  The Court finds that a pre-filing order is justified and necessary to prevent Benton from further abusing the legal system and harassing the parties involved in his bankruptcy proceeding.

## CONCLUSION

Plaintiff Donald E. Benton has filed frequent and numerous frivolous lawsuits which are patently without merit, and which abuse the legal system and unduly burden the limited resources of this Court.

IT IS HEREBY ORDERED that the Court finds Benton to be a vexatious litigant.

IT IS FURTHER ORDERED that Benton is hereby ENJOINED and FORBIDDEN to file any complaint, petition, or other document in this court without first obtaining leave of the General Duty Judge of this court.  In order to file any papers, Benton must make application for leave and the paper shall bear the caption "Application Seeking Leave to File."  Benton shall mail a copy of the proposed filing to: Clerk's Office, United States District Court, District of Nevada, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, attention General Duty Judge.

The Application shall be supported by a declaration by plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims.  The Court may, in its discretion, order that a short evidentiary hearing be held to probe the sufficiency of Benton's allegations.

A copy of this order shall be attached to any such application.  Failure to fully comply with this order will be sufficient grounds for denial of the application.

/

/

1   IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject and
2 refuse to file , and/or discard any new complaint, petition, document on a closed case, or any other
3 document in violation of this order.
4   Dated: January 3, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**

AO 72
(Rev. 8/82)